# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murphy Jewelers and　　　　　　 :
Murphy Jewelers of Tilden, LLC, 　:
　　　　　　　　 Petitioners　　 :
　　　　　　　　　　　　　　　　 :
　　　　 v.　　　　　　　　　　 :　 No. 1709 C.D. 2015
　　　　　　　　　　　　　　　　 :　 Submitted: April 8, 2016
Unemployment Compensation Board　 :
of Review,　　　　　　　　　　　 :
　　　　　　　　 Respondent　　 :

BEFORE:　HONORABLE P. KEVIN BROBSON, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON　　　　　　　FILED: June 8, 2016

　　　　　Petitioners Murphy Jewelers and Murphy Jewelers of Tilden, LLC (Employer) petition this Court for review of an order of the Unemployment Compensation Board of Review (Board), dated August 27, 2015. The Board affirmed the Unemployment Compensation Referee's (Referee) decision that Claimant Mona L. Shaffer (Claimant) was not ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] and was,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

therefore, eligible for benefits beginning with the waiting week ending October 20, 2012. For the reasons discussed below, we affirm.

Claimant was employed as a full-time sales director for Employer. Claimant was injured during the course and scope of her employment on January 10, 2012, and was subsequently unable to return to work due to her injury. On March 1, 2012, after Claimant notified Employer that she would be unable to return to work at full capacity for another two weeks, Employer informed Claimant that it would begin interviewing to fill her position if she was unable to return to work at full capacity before March 9, 2012. (Reproduced Record (R.R.) at 99.) Employer explained that it could no longer function without a manager and could not hold Claimant's position open any longer. (*Id.*) Employer concluded by telling Claimant that if she was "unable to return at that time in full capacity, [it] urge[d] [her] to contact [Employer] when [she was] fully cleared in case another alternate position happens to come available in [its] company." (*Id.*) Three weeks later, on March 21, 2012, Employer sent Claimant a short email informing her "that as of Thursday, March 22nd, the position of Hamburg Manager/Director of Sales has been filled." (*Id.* at 111.) The email concluded: "We wish you well in your future endeavors." (*Id.*) On October 12, 2012, Claimant filed for unemployment benefits.

The Lancaster UC Service Center (Service Center) noted that there was a conflict between whether Claimant's separation from employment with Employer was a voluntarily quit or a discharge. (*Id.* at 1.) The Service Center found that Claimant "voluntarily quit due to health reasons," but it concluded that she had a necessitous and compelling reason for leaving her job. (*Id.*) The Service Center further determined that Claimant was able and available for suitable

2

employment beginning with the waiting week ending October 20, 2012. (*Id.*) As a result, the Service Center determined Claimant was eligible for benefits. Employer appealed.

Following an evidentiary hearing, the Referee issued a decision and order, affirming the Service Center's determination. The Referee determined that Claimant initially left employment voluntarily due to medical reasons of a necessitous and compelling nature, but Employer later discharged Claimant while she was still under the care of a physician and unable to return to work. (*Id.* at 4.) The Referee reasoned that Claimant could not have been discharged for willful misconduct when she had "good cause for continuing to be off work." (*Id.*) The Referee essentially concluded that Claimant was not ineligible for benefits under Sections 402(b) and 402(e)[2] of the Law and was qualified for benefits beginning with the waiting week ending October 20, 2012, under Section 401(d)(1) of the Law.[3] (*Id.*)

Employer appealed to the Board, which reversed the Referee's decision and denied benefits to Claimant. The Board concluded that Claimant voluntarily left employment. (*Id.* at 41.) The Board found that Claimant "failed to credibly establish that she contacted [Employer] after March 2012 with information that she could return to work and she has failed to credibly establish

---

[2]   Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides, in pertinent part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to "willful misconduct connected with his work."

[3]   Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

that it would have been futile for her to do so." (*Id.*) The Board concluded, therefore, that Claimant did not make a reasonable effort to maintain her employment relationship and was ineligible for benefits under Section 402(b) of the Law. (*Id.*) The Board also concluded that Claimant was ineligible for benefits for the week of October 20, 2012, because it "specifically reject[ed] as not credible [Claimant's] testimony that she magically became able to work [on October 12, 2012,] the day after she signed her workers['] compensation settlement agreement." (*Id.*)

Claimant petitioned this Court for review. This Court vacated the Board's order and remanded the matter to the Board for the issuance of a new decision, including new findings of fact and conclusions of law.[4] In so doing, this Court concluded that the Board's findings of fact were insufficient to allow for appellate review because they did not address: (1) whether Claimant's health reasons were of sufficient dimension to compel her to leave her employment; (2) whether Claimant sufficiently informed Employer of her health problems; (3) whether Employer's condition was reasonable; (4) whether Claimant is "fully cleared" to perform her job without restriction; and (5) if Claimant is cleared to perform her job duties without restriction, the date she received such medical clearance. (*Id.* at 54.)

---

[4] *Shaffer v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1445 C.D. 2013, filed July 23, 2014) (*Shaffer*).

4

On remand and following an additional hearing conducted by the Referee as the Board's hearing officer,[5] the Board decided to affirm the Referee's decision and granted benefits to Claimant. This time, the Board found that Claimant did not voluntarily quit her employment. Instead, the Board found that Employer terminated her employment. Specifically, the Board made the following findings of fact:

1. The claimant was last employed as a full-time sales director by the employer from May 20, 2010, at a final rate of $62,000.00 per year and her last day of work was January 29, 2012.

2. On January 26, 2012 [sic], the claimant was helping remove a Christmas tree and hurt her back when it fell and she caught it.

3. The claimant filed a workers' compensation claim and on February 20, 2012, a Temporary Notice of Compensation Payable was issued to the claimant for a lumbosacral sprain.

4. The claimant was unable to work in any capacity due to this work injury.

5. On March 1, 2012, the employer informed the claimant that it would not hold her position past March 9, 2012. The employer informed the claimant that it would consider her able to return to work in full capacity by that date if she provided proper medical proof that she was cleared to handle the full time managerial position.

---

[5] The Board remanded the matter to the Referee for the purpose of scheduling a further hearing and taking additional testimony pursuant to this Court's decision in *Shaffer*. (R.R. 55-56.)

5

6. The employer instructed the claimant that if she could not return by March 9, 2012, to contact the employer when she was "fully cleared in case another alternative position happens to come available in our company."

7. The claimant informed the employer that the workers' compensation doctor had not cleared her to return to any work but "I will continue to update you about my progress. Also I will continue to provide my doctor notes to you."

8. On March 9, 2012, the claimant was not capable of any work.

9. On March 21, 2012, the employer informed the claimant that it had combined the responsibilities of manager and director into one position and that it had hired an applicant as of March 22, 2012. The employer stated: "We wish you well in your future endeavors."

10. On May 21, 2012, the claimant received a physician affidavit from the workers' compensation physician showing she was fully recovered from her lumbosacral sprain/strain. The employer received a copy of the affidavit from its doctor.

11. On October 11, 2012, the claimant's doctor released her to work with a 30 pound lifting restriction.

12. *The claimant did not inform the employer of the release since she had already been terminated from employment on March 21, 2012.*

13. The claimant is able to work with a 30 pound lifting restriction.

(*Id.* at 57-58 (emphasis added).)

Although the Board found that Employer terminated Claimant's employment, it nevertheless answered the questions posed to it by this Court in

6

*Shaffer,* which were related to the Board's prior finding that Claimant had quit.[6] The Board also found that, based on her credible testimony, Claimant was able and available for work as of October 12, 2012, which was the day after Claimant's physician released her to work with a thirty-pound lifting restriction. The Board also observed that Claimant had acted reasonably when she did not reach out to Employer at that point to notify Employer that she could return to work, because Employer had terminated her employment in March. (*Id.* at 59-60.)

Thereafter, Employer petitioned this Court for review, and Claimant intervened. On appeal,[7] Employer essentially argues that the Board erred in finding that Claimant was not able to return to work until October 12, 2012, and then only with restrictions. Employer contends, instead, that Claimant was fully

---

[6] In answering the questions on remand, the Board included the following in its reasoning:

> Based on the record before the Board, the Board concludes that the claimant has established that she originally left work due to a work related injury. The claimant had sufficient health reason[s] to leave work to address her injuries. The claimant did inform employer of her health problems. The employer informed the claimant she must have full recovery to return the claimant to work in the jewelry store. The Board finds that, due to safety concerns, the employer's condition was reasonable. The Board also finds, however, that the claimant was never cleared by her own doctor to perform her job without restriction. The Board does not credit the affidavit from the employer's workers' compensation doctor as, notably, even though the employer received the affidavit, it did not require the claimant to return to work. The claimant, therefore, has proven that she had a necessitous and compelling reason to leave work and not contact the employer to return.

(R.R. at 59.)

[7] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

recovered from her work-related injury as of May 21, 2012, but failed to return to work at that time. Employer also argues that the Board erred as a matter of law in concluding that Claimant left work for cause of a necessitous and compelling nature.[8] The issues framed by Employer, however, demonstrate Employer's misapprehension as to the basis for the Board's decision after remand, which is the subject of this appeal. Although the Board on remand considered the questions identified by this Court in *Shaffer* relating to Claimant's medical condition for purposes of determining whether she had necessitous and compelling reasons to leave employment, the Board on remand reached a different conclusion related to the circumstances of Claimant's separation of employment. On remand, the Board found that Employer *terminated* Claimant's employment—not that Claimant voluntarily left her employment. (*See* Finding of Fact (F.F.) No. 12.) This finding represents a significant departure from the Board's prior, vacated findings of fact, wherein the Board essentially found that Claimant had neither quit her employment nor been fired.[9]

---

[8] Employer further argues that the Board's July 26, 2013 Decision and Order and the Board's August 27, 2015 Decision and Order contain conflicting findings of fact. This argument is without merit, as this Court vacated the Board's July 26, 2013 Decision and Order, including its findings of fact, in *Shaffer*.

[9] In *Shaffer*, based upon the Board's findings of fact, we observed that Claimant's case "present[ed] an unusual factual scenario, in which Claimant [was] in limbo[,]" given that although she was not working, Claimant had not resigned and Employer had not fired her as of the date she had filed for benefits. *Shaffer*, slip op. at 6. Consequently, in *Shaffer*, we focused on Claimant's medical status as of the date she filed for benefits. On remand, however, the Board issued new findings of fact and determined that Claimant's employment was *terminated* by Employer on March 21, 2012. It is that new finding of fact that is dispositive of the matter now before the Court.

Based on this finding, the Board correctly held as a matter of law that Claimant was not ineligible for benefits under Section 402(b) of the Law, because one can only be ineligible under this section if he or she voluntarily leaves work. The Board found that Employer terminated Claimant's employment on March 21, 2012, while Claimant was off work due to a work-related injury. Employer does not challenge this finding on appeal. Whether Claimant was able and available to return to work on May 21, 2012, as Employer contends, or October 12, 2012, as the Board found, is not now a relevant consideration, because Claimant was no longer employed by Employer as of either date. Moreover, as Employer had terminated Claimant's employment in March 2012, she had no obligation to ask Employer to rehire her when she thereafter became able and available to return to work. Finally, Employer does not contend on appeal that Claimant was terminated for willful misconduct, such that she should be ineligible for benefits under Section 402(e) of the Law.

Employer also argues that the Board erred as a matter of law because it did not follow the instructions of this Court in *Shaffer*. More specifically, Employer argues that the Board did not direct the Referee to take additional testimony relative to the five questions set forth by the Court in *Shaffer*, posing different questions to the Referee. Employer's argument lacks merit. This Court remanded this matter to the Board to resolve certain questions, which it did. The Board, on its own initiative, remanded the matter to the Referee to take additional evidence as the Board's hearing officer. Although the questions posed by the Board to the Referee may have differed somewhat from the questions set forth in *Shaffer*, the Court is satisfied that the Board acted consistent with our remand directive.

9

Accordingly, the order of the Board is affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murphy Jewelers and                        :
Murphy Jewelers of Tilden, LLC,            :
                           Petitioners   :
                                    :
                   v.   :   No. 1709 C.D. 2015
                                      :
Unemployment Compensation Board            :
of Review,                                 :
                          Respondent   :

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

                                                 _____

                                        P. KEVIN BROBSON, Judge